UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| OLIVERIO MARTINEZ and WILLIAM HALL, Derivatively on Behalf of TOLL BROTHERS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> ROBERT I. TOLL, BRUCE E. TOLL, ZVI BARZILAY, JOEL RASSMAN, JOSEPH R. SICREE, PAUL E. SHAPIRO, CARL B. MARBACH, ROBERT S. BLANK, RICHARD J. BRAEMER, ROGER S. HILLAS, EDWARD G. BOEHNE, and STEPHEN A. NOVICK, <br><br> Defendants, <br><br> and <br><br> TOLL BROTHERS, INC., a Delaware corporation, <br><br> Nominal Defendant. | Civil Action Nos. 2:09-cv-00937-CDJ <br> 2:09-cv-01405-CDJ <br><br> Honorable C. Darnell Jones II |

---

### DEFENDANTS ROBERT I. TOLL, BRUCE E. TOLL, ZVI BARZILAY, JOEL RASSMAN, AND JOSEPH R. SICREE'S MOTION TO DISMISS THE CONSOLIDATED VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

Defendants Robert I. Toll, Bruce E. Toll, Zvi Barzilay, Joel Rassman, and Joseph R. Sicree hereby move this Court, pursuant to Rules 23.1, 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Consolidated Verified Shareholder Derivative Complaint for failure to state a claim upon which relief can be granted.

The grounds supporting this motion are set forth in the accompanying memorandum of law. Defendants respectfully request oral argument on this motion.

Dated:  December 14, 2009

>Respectfully submitted,
>
>DAVIS POLK & WARDWELL LLP
>
>By:   s/ Michael P. Carroll
>      _____
>      Michael P. Carroll (admitted pro hac vice)
>      Edmund Polubinski III (admitted pro hac vice)
>      Jonathan D. Martin (admitted pro hac vice)
>
>450 Lexington Avenue
>New York, New York  10017
>(212) 450-4000
>
>DECHERT LLP
>
>   Robert C. Heim
>   Michael Newman
>
>Cira Centre
>2929 Arch Street
>Philadelphia, Pennsylvania 19104
>(215) 994-4000
>
>*Attorneys for Defendants Robert I. Toll, Bruce E. Toll, Zvi Barzilay, Joel Rassman, and Joseph R. Sicree*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------- x
OLIVERIO MARTINEZ and WILLIAM :
HALL, Derivatively on Behalf of TOLL :
BROTHERS, INC., :
 :
        Plaintiffs, :
 :
  vs. :
 :
ROBERT I. TOLL, BRUCE E. TOLL, ZVI :
BARZILAY, JOEL RASSMAN, JOSEPH R. : Civil Action Nos. 2:09-cv-00937-CDJ
SICREE, PAUL E. SHAPIRO, CARL B. : 2:09-cv-01405-CDJ
MARBACH, ROBERT S. BLANK, :
RICHARD J. BRAEMER, ROGER S. :
HILLAS, EDWARD G. BOEHNE, and : Honorable C. Darnell Jones II
STEPHEN A. NOVICK, :
 :
        Defendants, :
    and :
 :
TOLL BROTHERS, INC., a Delaware :
corporation, :
 :
        Nominal Defendant. :
---------------------------------- x

## ORDER

AND NOW, this ____ day of _____, 2010, upon consideration of Defendants Robert I. Toll, Bruce E. Toll, Zvi Barzilay, Joel Rassman, and Joseph R. Sicree's Motion to Dismiss the Consolidated Verified Shareholder Derivative Complaint, the memorandum of law in support, plaintiffs' response, and defendants' reply thereto, it is hereby ORDERED as follows:

    1.    The Motion is GRANTED.

    2.    The Consolidated Verified Shareholder Derivative Complaint is hereby

           DISMISSED with PREJUDICE.

3. The Clerk of the Court shall mark this matter as CLOSED.

                                                                                       _____
                                                                                       Hon. C. Darnell Jones II

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLIVERIO MARTINEZ and WILLIAM HALL, Derivatively on Behalf of TOLL BROTHERS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> ROBERT I. TOLL, BRUCE E. TOLL, ZVI BARZILAY, JOEL RASSMAN, JOSEPH R. SICREE, PAUL E. SHAPIRO, CARL B. MARBACH, ROBERT S. BLANK, RICHARD J. BRAEMER, ROGER S. HILLAS, EDWARD G. BOEHNE, and STEPHEN A. NOVICK, <br><br> Defendants, <br><br> and <br><br> TOLL BROTHERS, INC., a Delaware corporation, <br><br> Nominal Defendant. | Civil Action Nos. 2:09-cv-00937-CDJ <br> 2:09-cv-01405-CDJ <br><br> Honorable C. Darnell Jones II |

**MEMORANDUM OF LAW OF
DEFENDANTS ROBERT I. TOLL, BRUCE E. TOLL, ZVI BARZILAY, JOEL
RASSMAN, AND JOSEPH R. SICREE IN SUPPORT OF THEIR MOTION TO DISMISS
THE CONSOLIDATED VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT**

Dated: December 14, 2009

Defendants Robert I. Toll, Bruce E. Toll, Zvi Barzilay, Joel Rassman, and Joseph R. Sicree (the "Individual Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the Consolidated Verified Shareholder Derivative Complaint (the "Complaint") pursuant to Federal Rules of Civil Procedure 23.1, 9(b) and 12(b)(6).

## ARGUMENT

### I.

### PLAINTIFFS HAVE NOT ADEQUATELY PLED EITHER STANDING OR THAT PRE-SUIT DEMAND ON TOLL BROTHERS' BOARD IS FUTILE UNDER RULE 23.1

For the reasons given in the memorandum of law filed by Nominal Defendant Toll Brothers, Inc. ("Toll Brothers" or the "Company") in support of its motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 23.1, the Complaint should be dismissed (i) because plaintiffs have failed adequately to allege that they have standing to assert the purported claims in the Complaint (see Mem. of Law in Supp. of Nominal Def. Toll Brothers, Inc.'s Mot. to Dismiss ("Toll Brothers Mem.") Point I), and (ii) because plaintiffs have failed adequately to allege that pre-suit demand on Toll Brothers' board of directors would have been futile (see Toll Bros. Mem. Points II-V).

Should the Court dismiss the Complaint on either of these independent grounds, the Court would not need to address the Individual Defendants' additional arguments under Rule 12(b)(6).

### II.

### THE COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

For the same reasons plaintiffs fail to adequately allege that demand is futile, the Complaint must also be dismissed for failure to state a claim upon which relief can be granted.

This year, the Supreme Court clarified that Federal Rule of Civil Procedure 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) (noting that Rule 8 requires more than "naked assertion[s]" devoid of "further factual enhancement").[1]  Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570) (emphasis supplied); accord Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949.  Where a complaint pleads facts that are "merely consistent with" liability, it "stops short of the line between possibility and plausibility . . . ." Twombly, 550 U.S. at 557.  In determining whether the factual matter in a complaint states a plausible claim for relief, mere "conclusions[] are not entitled to the assumption of truth," Iqbal, 129 S. Ct. at 1950, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," id. at 1949.

Because the claims alleged in the Complaint lack factual support, they fail the plausibility standard set forth in Twombly and Iqbal.  This is so for the same reasons that plaintiffs have also failed to plead a substantial likelihood of success on the merits – as explained in Nominal

---

[1] Because many, if not all, of plaintiffs' claims sound in fraud or mistake, the heightened pleading standards of Federal Rule of Civil Procedure 9(b), which requires a party to "state with particularity the circumstances constituting fraud or mistake," would apply.  The Court, however, need not resolve the extent to which Rule 9(b)'s heightened pleading standard does, in fact, apply because plaintiffs' claims fail even when judged under the more liberal notice pleading standard of Rule 8.

Of course, plaintiffs are subject to the heightened pleading standards of Rule 23.1, which requires particularized pleading as to all aspects of their claim that demand is excused, as explained the moving papers of Nominal Defendant Toll Brothers, Inc.

Defendant Toll Brothers' moving papers – as they must to allege demand futility with particularity under Rule 23.1.  (See Toll Brothers Mem. Points II-V.)  In the interest of efficiency, the Individual Defendants will not repeat those arguments in detail here, but instead respectfully refer the Court to Sections II through V of Nominal Defendant Toll Brothers' moving papers and summarize only briefly below.

      The Complaint's central allegation is that the Defendants knew but failed to disclose that "speculative buyers were driving demand for the Company's luxury homes . . .." (Compl. ¶ 127.) Plaintiffs do not base this allegation – which is the foundation of both their Caremark claims (Counts I and III) and their insider trading claims (Counts II and V) – on any Toll Brothers documents, reports, board minutes, or other books and records.  Instead plaintiffs allege that some buyers' use of interest-only mortgages was a "strong indicator that speculative investors were buying up Toll Brothers' properties . . .." (Compl. ¶ 88(c).)  But this conclusory allegation, which is not supported by any facts (see Toll Brothers Mem. Sections II and III.A), is based on nothing more than plaintiff's mere ipse dixit and therefore cannot pass muster under Iqbal and Twombly.[2]

      Plaintiffs also point to a statement made by Robert Toll during a November 7, 2006 earnings conference call which they argue shows that defendants knew that Toll Brothers' mechanisms to prevent sales to speculators were not functioning as planned.  (Compl. ¶ 72.)  As demonstrated in Toll Brothers' moving papers, however, nothing in Mr. Toll's statement – or any other allegation in the Complaint – suggests that any defendant actually knew prior to this

---

[2] As noted in Toll Brothers' moving papers (see Toll Brothers Mem. Section IV.A), the Company's Certificate of Incorporation exculpates the Defendants from personal liability for breaches of fiduciary that do not involve bad faith.  Because plaintiffs have not pleaded any facts to support a plausible inference of bad faith, their claims are barred by the Company's Certificate of Incorporation and must be dismissed for this reason alone.

3

time that speculative investors comprised a material portion of Toll Brothers' buyers during the Relevant Period.  (See Toll Brothers Mem. Section III.A.)  Plaintiffs' bare assertion that "speculative buyers were driving demand for the Company's luxury homes" (Compl. ¶ 127) is unsupported by factual allegations and therefore cannot form the basis of a plausible claim for relief.

Plaintiffs' remaining claim – for corporate waste (Count IV) – is equally implausible. The crux of this claim is that the Defendants caused Toll Brothers to purchase supposedly over-priced land in an effort to conceal the imminent collapse of the real estate market.  (Compl. ¶ 91.)  Yet the Complaint is utterly devoid of allegations about the specific real estate the Company is alleged to have purchased, the board's role in those purchases, or when, from whom, and at what price the Company allegedly purchased the land.  (See Toll Brothers Mem. Sections II and IV.C.)  In the absence of such allegations, the Court cannot draw a plausible inference that the Defendants are liable for the misconduct alleged.  See Iqbal, 129 S. Ct. at 1949.

In sum, because plaintiffs fail to allege facts sufficient to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" pursuant to Fed. R. Civ. P. 12(b)(6).  Twombly, 550 U.S. at 570.

## **CONCLUSION**

For the foregoing reasons, and for the reasons stated in Toll Brothers' motion to dismiss, the Court should dismiss the Complaint under Fed. R. Civ. P. 23.1, 9(b) and 12(b)(6).

Dated:   December 14, 2009

>Respectfully submitted,
>
>DAVIS POLK & WARDWELL LLP
>
>By:   s/ Michael P. Carroll
>     Michael P. Carroll (admitted pro hac vice)
>     Edmund Polubinski III (admitted pro hac vice)
>     Jonathan D. Martin (admitted pro hac vice)
>
>450 Lexington Avenue
>New York, New York  10017
>(212) 450-4000
>
>DECHERT LLP
>
>    Robert C. Heim
>    Michael Newman
>
>Cira Centre
>2929 Arch Street
>Philadelphia, Pennsylvania 19104
>(215) 994-4000
>
>*Attorneys for Defendants Robert I. Toll, Bruce E. Toll, Zvi Barzilay, Joel Rassman, and Joseph R. Sicree*

**CERTIFICATE OF SERVICE**

I, Edmund Polubinski III, hereby certify that, on December 14, 2009, I caused to be filed electronically and served electronically on all counsel of record a true and correct copy of Defendants Robert I. Toll, Bruce E. Toll, Zvi Barzilay, Joel Rassman, and Joseph R. Sicree's Motion to Dismiss the Consolidated Verified Shareholder Derivative Complaint, Proposed Order, and Memorandum of Law in Support of Defendants Robert I. Toll, Bruce E. Toll, Zvi Barzilay, Joel Rassman, and Joseph R. Sicree's Motion to Dismiss the Consolidated Verified Shareholder Derivative Complaint.  These documents are available for viewing and downloading from the ECF system.

s/ Edmund Polubinski III
Edmund Polubinski III